UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00037-HBB

BRENDA SKAGGS                                                                              PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Brenda Skaggs ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Plaintiff has filed a motion for judgment on the pleadings (DN 16) and, in response, Defendant has filed a Fact and Law Summary (DN 22). For the reasons that follow, judgment is granted for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 13). By Order entered April 16, 2018 (DN 14), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

1

FINDINGS OF FACT

Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income on June 2, 2014 (Tr. 16, 318-25, 326-31). Plaintiff alleged that she became disabled on February 5, 2014 as a result of herniated disc disease in the back and joint/deteriorating bone disease in the upper body and neck (Tr. 16, 385). Administrative Law Judge Teresa A. Kroenecke ("ALJ") conducted a video hearing from Louisville, Kentucky on May 23, 2017 (Tr. 16, ). Plaintiff and her non-attorney representative, John R. Sharpensteen, III, participated from Elizabethtown, Kentucky (Id.). William R. Harpool, an impartial vocational expert, also participated and testified during the hearing (Id.).

In a decision dated July 14, 2017, the ALJ found that Plaintiff met the insured status requirement of the Social Security Act through June 30, 2018 (Tr. 19). The ALJ evaluated Plaintiff's adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 16-32). At the first step, the ALJ found that although Plaintiff attempted to work from April 2016 to about September 2016 at the LG&E Power Plant, this work activity was an unsuccessful work attempt (Id.). Therefore, the ALJ concluded Plaintiff had not engaged in substantial gainful activity since February 5, 2014, the alleged onset date (Id.).

At the second step, the ALJ determined that Plaintiff has the following severe impairments: lumbar degenerative disc disease, cervical degenerative disc disease, and non-dominant left shoulder degenerative joint disease (Tr. 19). The ALJ also determined that Plaintiff's previously diagnosed adjustment disorder is a non-severe mental impairment because it causes no more than minimal limitations in her ability to perform basic work activities (Tr. 19-20). At the third step,

the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 20-21).

At the fourth step, the ALJ found Plaintiff has the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that since February 5, 2014, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except her pushing/pulling with her non-dominant left upper extremity is limited to occasionally and only occasional overhead reaching with her left upper extremity. The claimant is limited to no more than occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and stairs but no climbing of ladders, ropes, or scaffolds. She is limited to no exposure to vibration or to hazards, such as unprotected heights and/or moving mechanical parts. The claimant is allowed to alternate into the sitting position from the standing position and/or from walking every 30-45 minutes for 2-3 minutes while at her workstation. Further, the claimant is allowed to alternate into the standing position from the sitting position every 30-45 minutes for 2-3 minutes while at her workstation.

(Tr. 21). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of her past relevant work (Tr. 28).

The ALJ proceeded to the fifth step where he classified Plaintiff as closely approaching advanced age (age 50-54) prior to the May 23, 2017 administrative hearing (Tr. 29). The ALJ classified Plaintiff as advanced age (age 55 or older) beginning May 23, 2017, because she turned age 55 on June 11, 2017 (Id.). The ALJ found Plaintiff has a limited education and is able to communicate in English (Id.). The ALJ indicated that transferability of job skills was not an issue in this case because Plaintiff's past relevant work was unskilled (Tr. 30). The ALJ concluded that prior to May 23, 2017, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed given her age, education, work experience, and RFC (Tr.

3

30-31). The ALJ also found Plaintiff was disabled beginning May 23, 2017 pursuant to Medical-Vocational Rule 202.01 (Tr. 31). Thus, the ALJ determined that Plaintiff was not disabled prior to May 23, 2017, but became disabled on that date and has remained disabled through the date of the decision, July 14, 2017 (Tr. 31-32).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 316-17). The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of

the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or

>             medically equals the criteria of a listed impairment within
>             Appendix 1?
>
> 4)    Does the claimant have the residual functional capacity to
>       return to his or her past relevant work?
>
> 5)    Does the claimant's residual functional capacity, age,
>       education, and past work experience allow him or her to
>       perform a significant number of jobs in the national
>       economy?

Here, at the fifth step, the ALJ found Plaintiff was not disabled prior to May 23, 2017. However, the ALJ found that Plaintiff became disabled on May 23, 2017 and has continued to be disabled through the date of the decision.

## Challenged Findings

Plaintiff disagrees with Finding No. 5 which sets forth the ALJ's RFC assessment (DN 16-1 PageID # 630, 638-42). Plaintiff also disagrees with Finding No. 10 which sets forth the ALJ's conclusion that prior to May 23, 2017, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed considering her age, education, prior work experience, and RFC (Id. PageID # 630, 642-44).

## A.

### 1. The Parties' Arguments

Plaintiff points out that Social Security Ruling 96-8p ("SSR 96-8p") required the ALJ to individually assess her maximum capacity to perform each exertional (lifting, carrying, standing, walking, sitting, pushing, and pulling), and non-exertional (manipulative, postural, visual, communicative, and mental functions) work-related activity when assessing her RFC (DN 16-1 PageID # 638-642). Plaintiff acknowledges that the RFC indicates she can perform light work with limitations including alternating "into the sitting position from the standing position and/or

from walking every 30-45 minutes for 2-3 minutes while at her workstation" and alternating "into the standing position from the sitting position every 30-45 minutes for 2-3 minutes while at her workstation" (Id. citing Tr. 21). Plaintiff contends that the ALJ did not comply with SSR 96-8p because the RFC fails to indicate the maximum number of hours that Plaintiff can sit and stand/walk in an eight-hour workday (Id.). Plaintiff asserts that there is insufficient evidence in the record to conclude she was capable of standing or walking for a total of six hours in an eight-hour workday, as required to perform light work (Id. citing SSR 83-10). Plaintiff believes there is substantial evidence in the record to support a finding that she is limited to no more than about two hours walking and standing in an eight-hour workday which is consistent with sedentary work (Id. citing SSR 83-10). Plaintiff argues that if she is limited to sedentary work then Medical-Vocational Guideline 201.09 requires a finding of disabled as of her alleged onset date because she was closely approaching advanced age, had a limited education, and had unskilled work experience (Id.).

Defendant points out that the ALJ found Plaintiff had the RFC to perform a range of light work with several restrictions, including being allowed to alternate into the sitting position from the standing position and/or from walking every 30 to 45 minutes for 2 to 3 minutes while at her workstation; and being allowed to alternate into the standing position from the sitting position every 30 to 45 minutes for 2 to 3 minutes while at her workstation (DN 22 PageID # 657-58). Defendant asserts that the ALJ considered all of the evidence in the record and accounted for all of Plaintiff's credibly-established limitations in the RFC assessment which is supported by substantial evidence in the record (Id. PageID # 657-60). Further, Defendant argues that even if the Court disagrees with the ALJ's resolution of the factual issues and would resolve the disputed

7

factual issues differently, her decision must be affirmed because she supported the decision with substantial evidence (Id.).

2. Discussion

The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946. The Administrative Law Judge makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546, 416.929, 416.945(a), 416.946; Social Security Ruling 96-5p; Social Security Ruling 96-7p. Thus, in making the residual functional capacity finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record and assess the credibility of the claimant's subjective allegations. 20 C.F.R. §§ 404.1527(c), 404.1529; Social Security Ruling 96-7p.

The Sixth Circuit has observed that "SSR 96–8p requires an ALJ to individually assess the exertional (lifting, carrying, standing, walking, sitting, pushing, and pulling), and non-exertional (manipulative, postural, visual, communicative, and mental functions) capacities of the claimant in determining a claimant's RFC." Delgado v. Comm'r of Soc. Sec., 30 F. App'x 542, 547 (6th Cir. 2002) (citations omitted). Further, SSR 96-8p explains that the ALJ should "describe how the evidence supports her conclusions. Rudd v. Comm'r of Soc. Sec., 531 F. App'x 719, 729 (6th Cir. 2013) (citation omitted). The Glossary to SSR 83-10 provides the following pertinent definition:

> 2. *Light work*. The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted in a particular light job may be very little, a job is in this category when

> it requires a good deal of walking or standing--the primary difference between sedentary and most light jobs. A job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work; e.g., mattress sewing machine operator, motor-grader operator, and road-roller operator (skilled and semiskilled jobs in these particular instances). Relatively few unskilled light jobs are performed in a seated position.
>
> "Frequent" means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, **the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday**. Sitting may occur intermittently during the remaining time. The lifting requirement for the majority of light jobs can be accomplished with occasional, rather than frequent, stooping. Many unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk. They require use of arms and hands to grasp and to hold and turn objects, and they generally do not require use of the fingers for fine activities to the extent required in much sedentary work.

1983 WL 31251, at *5 (Jan. 1, 1983) (emphasis added).

The ALJ's RFC assessment indicates that Plaintiff has the ability to perform a range of light work with several restrictions (Tr. 21). Notably, the RFC assessment does not include a restriction on the total number of hours that Plaintiff can stand and walk but it does articulate a restriction that allows her to alternate between the sitting and standing possitions (Tr. 21). The ALJ explained that she added this sit/stand option in consideration of Plaintiff's testimony of needing to change positions between sitting and standing due to increased neck, back, and left upper extremity pain if she stays in one position for too long (Tr. 27). Thus, the ALJ found Plaintiff is able to stand and walk, off and on, for a total of approximately six hours of an eight-hour workday provided she "is allowed to alternate into the sitting position from the standing

9

position and/or from walking every 30-45 minutes for 2-3 minutes while at her workstation" and she "is allowed to alternate into the standing position from the sitting position every 30-45 minutes for 2-3 minutes while at her workstation" (Tr. 21). Clearly, the ALJ individually assessed Plaintiff's exertional capacities to stand, walk, and sit as required by SSR 96-8p. Moreover, the ALJ described how the evidence supports her conclusions with regard to these exertional capacities (Tr. 21-28). Thus, the ALJ's RFC assessment comports with applicable law.

Plaintiff has pointed out some evidence in the record that supports a finding that she is limited to standing and walking no more than two hours in an eight-hour day. However, the question before the Court is whether the ALJ's findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Smith v. Sec'y of Health and Human Servs., 893 F.2d 106, 108 (6th Cir. 1989) (citing Mullen v. Sec'y of Health & Human Servs. 800 F.2d 535 (6th Cir. 1986). If the answer to the above question is "yes," then the Court may not even inquire whether the record could support a decision the other way. Smith, 893 F.2d at 108 (citing Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n. 4 (6th Cir. 1986)). After reviewing the record, the Court concludes that the ALJ's RFC assessment is supported by substantial evidence in the record. Therefore, Plaintiff is not entitled to relief with regard to her challenge to Finding No. 5.

B.

Next, Plaintiff challenges Finding No. 10 which sets forth the ALJ's conclusion that prior to May 23, 2017, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed considering her age, education, prior work experience, and RFC (DN 16-1 PageID # 630, 642-44 citing Finding No. 10). Plaintiff argues the ALJ's conclusion is not supported by substantial evidence because certain limitations in the assessed RFC are

incompatible with descriptions in the Dictionary of Occupational Titles about the three representative jobs identified in Finding No. 10 (Id.). Specifically, Plaintiff is referring to the following restrictions in the RFC: occasionally pushing/pulling with her non-dominant left upper extremity, occasional overhead reaching with her left upper extremity, and no exposure to vibration (Id. citing Tr. 21). The three representative occupations in Finding No. 10 are inspector (DOT No. 727.687-54), assembler (DOT No. 706.684-042), and office helper (DOT No. 239.567-010) (Id. citing Tr. 30). Plaintiff asserts that the DOT descriptions indicate all three jobs require frequent reaching and handling as well as manual dexterity, and as such could not be performed by her (Id.).

Defendant responds by pointing out that the ALJ asked the vocational expert ("VE") a series of hypothetical questions, one of which included the sit/stand option, occasional pushing/pulling with her non-dominant left upper extremity, occasional overhead reaching with her left upper extremity, and no exposure to vibration (DN 22 PageID # 660-63 citing Tr. 30, 69-71). Defendant points out that the VE responded by identifying the representative occupations of inspecting (170,000 jobs in the national economy), assembler (175,000 jobs in the national economy), and office worker/helper (160,000 jobs in the national economy) (Id. citing Tr. 69-71). Further, the VE explained that these numbers reflected the reduction resulting from inclusion of the sit/stand option (Id. citing Tr. 71). Defendant asserts that Plaintiff's challenge overlooks the the ALJ's explanation why she accepted the VE's testimony about these three occupations (Id. citing Tr. 30-31). Defendant points out that the ALJ's actions comport with applicable law and the VE's testimony provides substantial evidence to support Finding No. 10 (Id.).

2. Discussion

At the fifth step, the Commissioner has the burden of demonstrating a significant number of jobs exist in the local, regional and national economies that the claimant can perform, given his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and (g), 416.920(a)(4)(v) and (g); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 684 (6th Cir. 1992); Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir. 1990); Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). When a claimant's age, education, previous work experience, and residual functional capacity coincide with all of the criteria of a particular Grid Rule in Appendix 2 of the regulations, referred to as the medical-vocational guidelines, the Commissioner may rely on that Grid Rule to meet this burden. 20 C.F.R. §§ 404.1569, 416.969; Grid Rule 200.00; Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1174 (6th Cir. 1990); Moon, 923 F.2d at 1181. However, if a claimant's age, education, previous work experience, and residual functional capacity do not coincide with all the criteria of a particular Grid Rule, the Commissioner is limited to using the Grid Rule as a framework in the decision making process and must make a non-guideline determination based on the testimony of a vocational expert. 20 C.F.R. §§ 404.1566(e), 416.966(e); Born, 923 F.2d at 1174; Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987); Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 531, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).

In Barker v. Shalala, the Sixth Circuit noted an ALJ may take administrative notice of job data in the DOT and four other sources referred to in the Social Security regulations. 40 F.3d 789, 795 (6th Cir. 1994); 20 C.F.R. §§ 404.1566(d), 416.966(d). The Barker court observed that the DOT contains a disclaimer indicating "that it provides only 'composite descriptions of

occupations as they may typically occur'" and that the descriptions in the DOT "'may not coincide with a specific job as actually performed in a particular establishment or any given industry.'" Id. at 795. The Sixth Circuit recognized that the DOT is not a comprehensive listing of all jobs but, rather, is a "selective sampling of 75,000 job sites out of many millions of work places in the United States." Id. Further, the Barker Court observed that the regulations specifically contemplate use of a vocational expert to determine "complex issues concerning the characteristics of specific occupations." Id.; 20 C.F.R. §§ 404.1566(e), 416.966(e). In Conn v. Sec'y of Health & Human Servs., the Sixth Circuit held that an ALJ may rely on testimony from a vocational expert "even if it is inconsistent with the job descriptions" set forth in the DOT. 51 F.3d 607, 610 (6th Cir. 1995).

Social Security Ruling 00-4p imposes on the ALJ an affirmative duty to ask the vocational expert whether there is a conflict between the vocational expert's testimony and information in the DOT. 2000 WL 1898704, at *4 (Dec. 4, 2000). If there appears to be a conflict, the ALJ will elicit from the vocational expert an explanation for the conflict. Id. The ALJ will resolve the conflict by deciding whether the explanation given by the vocational expert is reasonable and provides a basis for relying on the vocational expert's testimony rather than the DOT information. Id.

During the administrative hearing, the ALJ asked the VE a series of hypothetical questions, the second of which included the sit/stand option, occasional pushing/pulling with her non-dominant left upper extremity, occasional overhead reaching with her left upper extremity, and no exposure to vibration (Tr. 69-71). The VE responded to the second hypothetical question by identifying the representative occupations of inspecting (170,000 jobs in the national

economy), assembler (175,000 jobs in the national economy), and office worker/helper (160,000 jobs in the national economy) (Tr. 71). The VE explained that these numbers reflected the reduction resulting from inclusion of the sit/stand option (Id.). In the context of complying with SSR 00-4p, the ALJ asked whether the VE's testimony was consistent with the DOT (Tr. 72). The VE provided an explanation for the difference between his testimony and information in the DOT (Id.).

In the decision, the ALJ noted that the VE's testimony departed from information in the DOT, which did not explicitly contemplate a sit-stand option and/or limitations of occasional pushing/pulling with non-dominant left upper extremity and occasional overhead reaching with left upper extremity (Tr. 30-31). The ALJ then explained, "I accept the testimony of the vocational expert based on his professional education, training, experience and explanation that the occupations identified above and the numbers of jobs stated for those occupations, which are net following slight reductions from the total number of otherwise existing jobs in those occupations to account for the effect of inclusion of these limitations in the above stated residual functional capacity (Testimony of vocational expert and Exhibit 14E)"[1] (Tr. 31). Thus, the ALJ's decision to accept the VE's testimony regarding the three representative occupations comports with applicable law. Moreover, the Court concludes that the VE's testimony constitutes substantial evidence to support the ALJ's determination in Finding No. 10 that prior to May 23, 2017, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed considering her age, education, work experience, and RFC.

---

1 Exhibit 14E is the VE's resume (Tr. 421-22).

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

Copies:    Counsel